CLYDE K. NASON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nason v. Commissioner
Docket No. 29134-82.
United States Tax Court
T.C. Memo 1984-534; 1984 Tax Ct. Memo LEXIS 135; 48 T.C.M. (CCH) 1300; T.C.M. (RIA) 84534; October 4, 1984. Clyde K. Nason, pro se. Steve Mather, for the respondent. COHEN MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: By notice of deficiency dated October 20, 1982, respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to Tax
Year
Deficiency
Section 6651(a)
Section 6653(a)
Section 6654(a) [1]
1978
$9,727.05
$2,431.76
$486.35
$311.26
1979
2,560.00
43.00
128.00
17.85
*136 During a conference with respondent's counsel prior to trial, it was determined that petitioner had overpaid his taxes for the years in issue. Unfortunately for him, however, his misadventure with tax protest has caused him to lose his right to recover an overpayment. FINDINGS OF FACT Petitioner was a resident of Valencia, California, during the years in issue and at the time he filed his petition herein. During the years in issue, petitioner was employed as an engineer by Fasar Systems, Inc., Burbank, California. In that employment, he earned $25,527.22 during 1978 and $15,526.42 during 1979. His employer withheld Federal income taxes of $4,435.59 for 1978 and $2,388.39 for 1979. On December 15, 1982, in response to the statutory notice of deficiency, petitioner filed a petition in which he alleged that he was not required to file an income tax return or pay any tax for the years in issue and that he did not receive any taxable income during those years. Petitioner also filed a request for jury trial, a motion for summary judgment, and a motion for more definite statement, none of which had merit and all of which were denied. On May 8, 1984, the case was *137 set for trial on August 20, 1984. Shortly prior to the trial date, petitioner met with respondent's counsel in an attempt to settle the case. Respondent's counsel was satisfied that petitioner owed no additional taxes for the years in issue because the amounts owing had been paid by withholding from petitioner's wages. Respondent, however, rejected petitioner's claim that he is entitled to recover an overpayment of the amounts paid for those years. OPINION Respondent contends that petitioner is not entitled to recover overpayments for the years 1979 and 1980 because he did not timely file Federal income tax returns for those years. See sections 6511 and 6512(b)(2). Petitioner claims, however, that he did timely file his returns for the years in issue notwithstanding the allegations of his petition that he was not required to file. At the time of trial, petitioner presented Forms 1040 for the years 1978 and 1979, and he claims that those forms are copies of returns filed by him on or before April 15, 1979, and April 15, 1980, respectively. The documents presented by petitioner, however, bear original typewriting and, upon careful examination, appear to have been *138 prepared contemporaneously rather than on the dates they bear. Petitioner declined to provide any details as to the circumstances surrounding the preparation of the documents, and he has presented no corroboration of their timely preparation and filing beyond his own testimony. Respondent's records do not reflect any returns filed by petitioner for 1978 or 1979. Observing the demeanor of petitioner and taking into account the appearance of the purported copies of returns and the history of this proceeding, we do not accept petitioner's testimony that he timely filed returns. Under section 6511(a), a claim for credit or refund of an overpayment of tax shall be filed by a taxpayer who has not filed a return within 2 years from the time the tax was paid. Under section 6512(b)(2)(B) and (C), the Court cannot determine an overpayment unless timely claim for refund had been made under section 6511 or could have been made under section 6511 when the notice of deficiency was sent. Recovery of any over-payment to which petitioner might otherwise be entitled for the years 1978 or 1979, therefore, is barred. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue.↩